IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deontai McDuffie, ) | |
| ) | C/A No. 9:15-5109-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Sgt. M. Williams and A/W Willie Davis, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Deontai McDuffie is an inmate in custody of the South Carolina Department of Corrections who currently is incarcerated at the Lee Correctional Institution in Bishopville, South Carolina. Plaintiff, proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983 on December 29, 2015, alleging that his constitutional rights were violated in various respects.

## I. FACTS

Plaintiff alleges that a defective sprinkler caused his cell to flood. Plaintiff states that Defendant Sgt. M. Williams approached his cell "in a very hostile manner," retrieved a canister of chemical munitions from her belt, and unsecured the food service flap on his cell door. Plaintiff states that he held his mat up to the food service flap. Defendant Williams then pushed the mat aside and released chemical munitions into Plaintiff's cell. According to Plaintiff, sometime later Defendant Williams returned and placed Plaintiff in a holding cell while the sprinkler was repaired. Plaintiff states he was not seen by a nurse until the next day and that his cell was not properly decontaminated.

Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by the

excessive use of chemical munitions in his cell. In addition, Plaintiff asserts that Defendant A/W Willie Davis inadequately responded to his grievances regarding the incident. Plaintiff seeks compensatory damages and punitive damages. He also requests that criminal charges be brought against Defendant Williams.

## II. DISCUSSION

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On November 21, 2016, Defendants filed a motion for summary judgment. By order filed November 30, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff did not file a response to the motion for summary judgment.

On January 13, 2017, the Magistrate Judge issued a Report and Recommendation in accordance with Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (providing that verified complaints by pro se prisoners are to be considered as affidavits). The Magistrate Judge first observed that Plaintiff has no constitutional right to, or any judicially cognizable interest in, the criminal prosecution of another person. The Magistrate Judge further found that Plaintiff has no constitutional right of access to a prison grievance procedure, and, to the extent alleged by Plaintiff, violation of a prison policy with respect to the force used during an incident is not a cognizable claim under § 1983. The Magistrate Judge further noted that Defendants had submitted medical records indicating that Plaintiff was brought to the medical unit for an examination after being exposed to chemical munitions the day of the incident, August 12, 2015, and then seen a second time on August 13, 2015. See Medical Summary, ECF No. 37-2. The Medical Summary recounts that on August

13, 2015, Plaintiff reported some wheezing the previous day, and that his lower back was sore from hitting the ground during the incident. An examination revealed no wheezing, respirations were even and unlabored, and that Plaintiff's back showed no bruising, deformities, redness, or swelling. Id.

Citing Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996), Landman v. Peyton, 370 F.2d 135, 138, n.2 (4th Cir. 1966), and other precedent, the Magistrate Judge determined that the use of chemical munitions was appropriate under the circumstances and did not constitute a deprivation of Plaintiff's constitutional rights. The Magistrate Judge also found no evidence that Plaintiff was not provided adequate medical care or that Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (providing that prisons must provide inmates with adequate medical care; a prison official can be held liable under the Eighth Amendment for acting with deliberate indifference to inmate health or safety). The Magistrate Judge therefore recommended that Defendants' motion for summary judgment be granted. Plaintiff filed no objections to the Report and Recommendation.

### III. CONCLUSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310,

315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment (ECF No. 37) is **granted**, and Plaintiff's complaint is dismissed, with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 8, 2017

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**